IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEAN OLSON,

    Plaintiff,

vs.                                          No. CIV 97-1472 JC/LFG

AT&T CORP., a corporation,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant's Motion for Summary Judgment *(Doc. 30)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties and the relevant authorities. Oral argument is unnecessary. The Court finds that there are no material issues of fact in dispute and that Defendant is entitled to judgment as a matter of law on all claims.

### Background

The parties agree that Plaintiff Dean Olson ("Olson") suffers from a severe hearing loss that cannot be brought to normal levels even though he wears two powerful hearing aids. He was employed with Defendant ("AT&T") from 1988 until he resigned in November 1994. Based upon his computer analysis/modeling/design skills, Olson was offered the position of State Government Affairs Staff Supervisor - Access Cost Analysis in Austin, Texas, in 1990. In this position, Olson provided analytical support on rate and regulatory matters.

Over the years, Plaintiff found that his job required more and more frequent participation in telephone conferences using a speaker phone. Because Olson's hearing impairment hindered his

ability to actively participate in such teleconferences, he requested that his employer provide him with certain accommodations pursuant to the Americans with Disabilities Act ("ADA"). In early 1993, shortly after receiving a performance evaluation that he perceived to be negative, Olson requested the following accommodations for his hearing impairment:

- professional ADA "sensitivity and behavior" training for other employees;
- a meeting assistive listening device (ALD);
- moving his office to a quieter cubicle to eliminate distracting noises;
- a smoke detector and lamp for the smoke detector alarm;
- a telephone ringer light;
- AT&T Relay system for telephone conferences; and
- real-time captioning by a qualified transcriptionist during telephone conferences.

By mid-1994, AT&T had made all but the last of these requested accommodation options available to Plaintiff. Indeed, Olson acknowledges that five months before his resignation, AT&T had even agreed to provide real-time captioning– his "accommodation of choice." Olson contends that delays in obtaining the accommodations amount to the equivalent of an absolute refusal to provide them and that he was constructively discharged.

## Analysis

Under the ADA, "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Further, a "qualified

individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Thus, on this motion for summary judgment, Plaintiff must produce sufficient evidence that a jury could reasonably find by a preponderance of the evidence that: (1) he is "disabled" within the meaning of the ADA; and (2) he is "qualified"–with or without reasonable accommodation; and (3) he was discriminated against because of his disability. Siemon v. AT&T Corp., 117 F.3d 1173, 1175 (10th Cir. 1997) (citing White v. York Int'l Corp., 45 F.3d 357, 360-61 (10th Cir.1995)). Defendant concedes that Olson has met the first element–he is clearly disabled within the meaning of the statute.

Yet, Olson must further show that he is a "qualified individual" under the ADA. The Tenth Circuit has instructed that the following test applies for ascertaining whether the plaintiff is "qualified" under the statute:

> First, we must determine whether the individual could perform the essential functions of the job. . . . Second, if (but only if) we conclude that the individual is not able to perform the essential functions of the job, we must determine whether any reasonable accommodation by the employer would enable him to perform those functions.

White, 45 F.3d at 361-62 (quoting Chandler v. City of Dallas, 2 F.3d 1385, 1393-94 (5th Cir.1993)). First, Defendant argues that using a speaker phone was not an "essential function" of Olson's position. This begs the question–it is his ability to actively participate in all conferences, not an ability to use the speaker device, that represents the "essential function" component of the analysis. Second, Defendant does not really dispute that Olson required some kind of accommodation to permit him to meaningfully participate in conference calls.

Although I find that Plaintiff has come forward with sufficient evidence to raise a jury issue on both of the above elements, he fails to meet the "qualified individual" prong as a matter of law because AT&T met its statutory obligation to provide a reasonable accommodation. Olson admitted at page 85 of his deposition that "the bottom line" of his dispute is that he wanted a real-time court reporter for the conference calls and speaker phone calls and that his employer felt that other accommodations might be adequate.

> The Appendix to the ADA regulations explains that 'the employer providing the accommodation has the ultimate discretion to choose between effective accommodations, and may choose the less expensive accommodation or the accommodation that is easier for it to provide.' 29 C.F.R. pt. 1630, app. at 415. As the Supreme Court has held in analogous circumstances, an employee cannot make his employer provide a specific accommodation if another reasonable accommodation is instead provided. See Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 68-69 (1986). Although an employee is not required to accept an offered accommodation, ***'if such individual rejects a reasonable accommodation . . . that is necessary to enable the individual to perform the essential functions of the position . . . the individual will not be considered a qualified individual with a disability.'*** 29 C.F.R. § 1630.9(d).

Hankins v. The Gap, Inc., 84 F.3d 797, 799-800 (6th Cir.1996) (emphasis added).

In this case, AT&T determined that Olson should first try a more readily available and cheaper accommodation means--the AT&T Relay system. Plaintiff asserts that the Relay system for conference calls proved to be inadequate because even though it worked, it was difficult to use because it lagged behind. He contends, therefore, that he has raised a material issue of fact as to whether AT&T breached its duty to provide him with an "effective" accommodation for his disability.

Yet Olson also admits that AT&T agreed to provide his "preferred" accommodation, the real-time captioning, five months before he handed in his letter of resignation. In an e-mail dated

March 9, 1994, Olson stated that overall, AT&T superiors "are not challenging my accommodation requests." In a July 1994 e-mail outlining the six conditions for use of real-time captioning of conference calls, Olson noted that when captioning was not available, they could "make do with alternative means" even if the alternatives "may not be optimal." The insistence by AT&T's legal department that real-time captioners sign a "non-disclosure" agreement and create no permanent record of the call are consistent with the employer's concern that the attorney-client privilege be preserved. No reasonable jury could agree with Plaintiff's assertion that the delays associated with providing reasonable accommodations amounted to a complete refusal under the ADA.

In short, Plaintiff fails to come forth with sufficient evidence to show that AT&T's proffered reasons for delays were pretext for intentional discrimination. Likewise, Olson's asserted "intolerable working conditions" simply do not rise to the level of a constructive discharge. The circumstances, conditions and events that Plaintiff perceives as hostile are insufficient to meet the high standard that a reasonable person in his position would feel compelled to resign. Because the undisputed facts demonstrate that Defendant must prevail as a matter of law, the motion for summary judgment will be granted.

Wherefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment *(Doc. 30)* be, and hereby is **granted**.

IT IS FURTHER ORDERED that a judgment in compliance with Rule 58 of the Federal Rules of Civil Procedure will be entered.

DATED this 14th day of December, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:   Donna L. Dagnall
                         Albuquerque, New Mexico

Counsel for Defendant:   Theresa W. Parrish
                         Rodey, Dickason, Sloan, Akin & Robb, P. A.
                         Albuquerque, New Mexico